**Milford F. MARTENS**

v.

**SENTRY INSURANCE COMPANY.**

Civ. A. No. 77–3889.

United States District Court,
E. D. Louisiana,
New Orleans Division.

June 20, 1980.

Timothy R. Higgins, Amite, La., for plaintiff.

David E. Walle, New Orleans, La., for defendant.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

BEER, District Judge.

*Findings of Fact*

1. On July 6, 1977, at 3:00 a. m., a fire completely destroyed Milford F. Martens' home in Tickfaw, Louisiana.

2. The fire was intentionally set. Mr. Emmett J. Perrilloux, who was the Fire Chief at the scene of the fire in question on July 6, 1977, testified that the intense "clean burning" on the west side of the house and the unusual flashbacks from several hot spots indicated that some type of accelerant was used to start the fire. Mr. William Roth, Jr., an expert in arson, who investigated this fire on July 20, 1977, also testified that "there was no doubt in my mind that a flammable substance was used to start the fire." Thus, the court concludes that the fire in question was deliberately set.

3. Originally, Martens had a ¼ interest in the property, having purchased that for $3,000. On May 19, 1977, he purchased the other ¾ interest in the property for $9,000 from his three other brothers and sisters. Thus, the total paid by Martens for the property was $12,000.

4. Shortly after purchasing the property, Martens obtained insurance protection from Sentry Insurance Company, with $30,000 of coverage on the structure itself, $15,000 contents coverage and $3,000 for temporary living expenses (by stipulation).

5. Prior to the fire, Martens received notice that his insurance coverage with Sentry was being terminated as of July 12, 1977.

6. After Martens received notice of cancellation from Sentry, he made no attempt to obtain other insurance on the property.

7. At the time of the fire, Martens was collecting unemployment compensation checks. However, Martens testified in court that he was "doing some wiring work for his cousin's house" around the time of the fire for which he was paid; but Martens never reported this income, acknowledged to be in excess of $1,000.

8. Plaintiff is not a credible witness. On at least two occasions, plaintiff has admitted guilt to serious crimes, including the filing of false statements to defraud the United States and distribution of cocaine.

9. The plaintiff did not give a credible explanation as to his whereabouts at the time of the fire.

10. No one other than the plaintiff had a motive to destroy the Martens' property. By his own testimony, Martens had no enemies who would destroy his house. Plaintiff was the only one who would profit from this fire.

*Conclusions of Law*

1. The fire was of incendiary origin and the evidence sustains no other reasonable hypothesis but that plaintiff caused it to take place. *Rist v. Commercial Union*, 376 So.2d 113 (La., 1979).

2. Hence, the affirmative defense of arson has been established and Martens' claim for payment under the terms of the fire insurance binder should be denied.

Defendant is directed to prepare a judgment consistent with these findings.